THE FARMERS' STOCK BREEDING ASSOCIATION V. ADAM SCOTT *et al.*

1. REPRESENTATIONS, *When not Actionable.* Representations made by a seller to a purchaser, after a contract of sale has been consummated, are not actionable.

2. FRAUD—*Action. When.* To maintain an action for fraudulent representation made to induce a sale, the representation must have been known to be false by the person making it, or at least he must have made it without reasonable grounds for believing it to be true.

3. WARRANTY—*No Action, When.* Where the seller gives to the purchaser a written warranty, the purchaser cannot maintain an action upon a contract of warranty not included in such written instrument received by him.

*Error from Norton District Court.*

ON the 8th day of December, 1888, *The Farmers' Stock-Breeding Association* brought its action against *Adam Scott,* E. W. Norlin, and John McManis, to recover upon the following promissory note:

"$395.            LENORA, KAS., February 22, 1887.

"On or before the 1st day of April, 1888, we, or either of us, promise to pay the Farmers' Stock-Breeding Association, or order, $395, with interest from date at 10 per cent. per annum.                    ADAM SCOTT.

                                         E. W. NORLIN.
                                         JOHN MCMANIS."

The defendants filed two separate answers, which alleged that the note was given as part purchase price for three-fourths interest in a stallion purchased by them from the plaintiff on the 22d of February, 1887. The answers further allege

"That the stallion was represented to these defendants by the plaintiff and its duly-authorized agents as being a reasonably sure foal getter; that the plaintiff and its agents well knew that these defendants were buying the stallion for the purpose of standing him, and that he would be utterly worthless to these defendants for any other purpose whatever; that the plaintiff and their agents, at the time they made such representations, knew that they were false; that the defend-

ants believed and relied upon such representations as being true, and purchased said interest in the stallion; that said defendants have given said stallion a good, fair and ample trial, and that he is unable to get a foal, and is utterly worthless to these defendants."

The plaintiff filed a reply to the answers, containing a general denial. John McManis having died before the trial, the action was duly revived against his administrator. Trial on the 14th of February, 1890, before the court with a jury. The defendants claimed upon the trial that their defense was upon a breach of warranty. The court, also, seemed to treat the defense as upon a warranty. It appeared from the evidence that, at the time of the sale of the stallion to the defendants, a written bill of sale was executed and delivered by the plaintiff to the defendants, containing a warranty as to the then existing lameness on the part of the horse. Nothing whatever was contained in this writing concerning the stallion being a sure foal getter. Upon the trial, the court ruled out the statements and representations of the agents of plaintiff to the defendants of any parol warranty as to the horse being a sure foal getter prior to the execution of the written bill of sale, upon the ground that all prior statements of the parties were merged into the written instrument. Subsequently, the court permitted the witnesses to testify as to the representations made by the plaintiff through its agents after the execution of the bill of sale and written warranty. The plaintiff demurred to the evidence of the defendants, who had, under the pleadings, the burden of the issues in the case. The court overruled the demurrer. The plaintiff stood upon its demurrer, and did not introduce any evidence. The jury returned a verdict for the defendants, and subsequently judgment was rendered thereon in their favor and against the plaintiff. The plaintiff excepted, and brings the case here.

*A. H. Ellis*, and *L. H. Thompson*, for plaintiff in error.

*J. R. Hamilton*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: Whether the defense interposed to the collection of the note sued upon be construed as arising upon a breach of warranty, or as a plea of fraud and deceit, the representations made by the plaintiff, through its agents, after the written instrument of sale and warranty had been executed and the sale completed, were wholly immaterial and should not have been admitted. Such representations, made after the sale, could not have been relied upon by the purchasers, or have been any inducement to the sale. Representations made by a seller after a contract of sale has been consummated are not actionable. There is no consideration for the same. They do not offer any inducement to a purchase already made. It was disclosed upon the trial that a written warranty was given the defendants against an existing temporary lameness of the horse, but nothing whatever was stated therein concerning the horse being a sure foal getter. The allegations in the answers cannot be construed as a defense upon a contract of warranty. Evidently, the defense was founded upon fraud and deceit on the part of the plaintiff, through its agents, and not upon an implied warranty not included in the written warranty accepted by the defendants.

To be actionable, the representations made by a seller must have been known to be false by the one making them, or at least he must have made them without reasonable grounds for believing them to be true. The representations must be of such a character as are likely to deceive the purchaser, or must be made with the intent to deceive him. The representations must be relied upon and must be taken as true by the purchaser to such an extent as that, if they had not been made, he would not have made the purchase. Hence, such representations must be made before the purchase.

Again, if any representations were made about the stallion being a sure foal getter, the defendants failed to establish their allegations of fraud and deceit, because they did not

show that the representations were known to the plaintiff or its agents to be false at the time they were made. Under the rulings of the trial court, very little was established upon the trial by the evidence, and nothing proved as a defense or counterclaim to the note sued on. The trial court ought to have sustained the demurrer of the plaintiff, and entered judgment in its favor.

The judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.