JOHN H. GRENTNER *et al.* v. PETER FEHRENSCHIELD.

No. 12,551.  (68 Pac. 619.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT— *Confusion of Theories in Pleading.* The plaintiff must frame his petition upon a distinct and definite theory, and upon that theory the facts alleged must state a good cause of action. If the petition is not drawn upon a single and definite theory, or there is such a confusion of theories alleged that the court cannot determine from the general scope of the petition upon which of several theories a recovery is sought, it is insufficient.

2. ——— *Petition Insufficient.* The averments of the petition herein examined, and it is *held,* that there is a confusion of theories, and, also, that there are insufficient facts alleged to sustain any theory.

3. ——— *Fraud—Necessary Allegations.* Where plaintiff seeks to recover because of the fraud of the defendants based upon misrepresentations, it is incumbent upon him to allege and prove what misrepresentations were made; that they were false; that he believed them to be true, and that he relied and acted upon them.

Error from Geary district court; O. L. MOORE, judge. Opinion filed April 5, 1902.   Reversed.

*Roark & Roark,* for plaintiffs in error.

*J. R. McClure,* and *W. W. & W. F. Guthrie,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: On or before October 27, 1898, Arnold Gruntges and Peter Fehrenschield were the equal owners of real estate in Atchison known as the Pardee block. Both of them desired to exchange it for other property, and through the assistance of John H. Grentner, a nephew of Gruntges, an opportunity to exchange it for real estate in Geary county, owned by

Mrs. Blakely, was found. She had a residence in Junction City, an unencumbered tract of 280 acres, and another tract of 320 acres of land, which was mortgaged for $900. The trade was negotiated by Gruntges and Grentner, and Fehrenschield, who desired unencumbered land, agreed to take the tract of 280 acres and a note of Grentner for $200 for his half-interest in the Pardee block, and Gruntges took the residence and the encumbered land for his interest. The property received by Gruntges was transferred to Grentner, the nephew of Gruntges, in consideration of the maintenance and care of Gruntges during the remainder of his life ; and later a sale and conveyance of the mortgaged tract of 320 acres was made by Grentner to one Louis Hauserman, who had no knowl-edge of the relation between the parties to the trans-action, or of the wrongs alleged to have been committed upon Fehrenschield.

Some time after the transaction was closed and the mortgaged land transferred, Fehrenschield brought this action, alleging that Gruntges and Grentner had conspired together to misrepresent the facts to him and to defraud him ; that he was of weak mind and easily deceived, and that he did not receive a fair share of the property received in exchange for the Pardee block, nor a fair consideration for his half interest in that block. He asked that he be declared to be the equal, undivided owner of all the lands conveyed by Mrs. Blakely ; that Grentner and Gruntges be held to be trustees for his benefit of the undivided half-interest in the lands conveyed to them, and that partition be made of such property, and that he recover from Grentner and Gruntges one-half the value of so much of said property as had been conveyed away by them. Trial was had by the court without

a jury, and judgment was given in favor of Fehrenschield, the court finding that the Pardee block, jointly owned by the parties, was exchanged on the basis of a valuation exceeding $8000, and partition was made confirming title to the 280-acre tract to Fehrenschield, and giving the mortgaged tract of 320 acres to Gruntges, and providing that the residence property might be retained by Grentner and Gruntges if they paid into court, for the benefit of plaintiff, $2500, and, if it was not paid within a stated time, that the property should be sold and one-half the proceeds of the sale paid to Fehrenschield.

The defendants below asked the court to require the plaintiff to state more definitely the acts of fraud alleged to have been practiced upon the plaintiff by each of the defendants as well as the false representations said to have been made to plaintiff by each of them. They also demurred to the petition because of insufficient facts. There is cause to complain of the indefiniteness and insufficiency of the petition. A plaintiff must frame his pleadings upon a distinct theory, and cannot, against the objection of defendant, obtain relief upon a theory essentially different from the one alleged. In the *Western Union Telegraph Company v. Reed*, 96 Ind. 195, it was said that "in order to bring the parties to an issue, it is necessary to require them to make their pleadings conform to some definite theory, and to be sufficient upon that theory." If the petition is not drawn upon a single and definite theory, or there is such a confusion of theories alleged that the court cannot determine from the general scope of the pleading upon which of several theories a recovery is sought, it is insufficient.

The case in hand could have been tried upon one of two theories—that Fehrenschield was fraudulently in-

duced to trade for land not worth as much as repre-
sented, or not worth as much as his half-interest in
the Pardee block; or that it was the understanding
and agreement that he was to have one-half the prop-
erty exchanged for the whole block, and defendants
failed to give him that share. The plaintiff alleged,
and his testimony tended to show, that he traded his
half-interest in the Pardee block for the 280-acre tract
of clear land and a $200 note. This was the consid-
eration which he was to receive, and he actually re-
ceived it, but it is contended that the value of this
tract was misrepresented to him, and, because of his
weakness and the confidence which he reposed in
Gruntges, he was induced to part with the property
for an insufficient consideration. If he was proceed-
ing upon this theory he would sue for the difference
between the actual value of the land received and the
value he was fraudulently induced to place upon it in
the trade. On this theory, however, the petition is
insufficient. It does not allege the value of the Par-
dee block, nor of his half-interest therein, nor does it
state the difference between the value of the property
conveyed by him and that which he received in ex-
change for it.

Averments are found in the petition which proceed
somewhat upon the theory that he was to receive one-
half of all the property obtained from Mrs. Blakely in
exchange for the Pardee block, and that the defend-
ants had fraudulently induced him to accept much
less than one-half of what was received. On this
theory, however, the petition is deficient, because it
does not state that the defendants agreed to give the
plaintiff one-half of what was received. On the other
hand, it appears that plaintiff traded the one-half in-
terest in the real estate for a specific tract of land and

a promissory note for $200. If the first theory was adopted, the value of the Pardee block was an essential fact which should have been pleaded in order to determine the difference between the plaintiff's interest in that property and the consideration actually received. As has been seen, however, the value of that property was not pleaded, and yet the court, evidently confused by the duplicity in the averments, finds that the Pardee block was traded on a basis of valuation exceeding $8000, and takes that value into consideration in determining the rights of the parties and in making a division of the property received. Against the contention of the defendants, the plaintiff appears to have tried his case in part upon the theory of comparative values ; but since that theory was not definitely pleaded in the petition, the defendants were not required, and may not have been prepared, to meet testimony as to the valuation of the Atchison property.

If tried upon the second theory, the value of the Pardee block was wholly immaterial. It was assumed by the plaintiff that the transfer of that block to Mrs. Blakely was a valid one and no attempt has been made to disturb or set it aside. If the property received in exchange for the Pardee block was to be equally divided and an equal division was not made, through the deceit and fraud of the defendants, it was only material to determine the value of the property received and to make an equitable division of the same in the manner pointed out by law. And if a portion of the property has been placed beyond the reach of the plaintiff, then the value of the same can be made a charge against the share conveyed to the defendants. The difficulty, however, of carrying that theory to a conclusion, so far as the averments of the petition are concerned, is that it is not alleged to have been the

agreement that plaintiff was to have one-half the value of all the property obtained in exchange for the Pardee block, and, if the case was to be tried on the other theory, the value of the Pardee block, to which the court gave so much consideration, was irrelevant and of no importance.   The omission from the petition of any averments of its value would naturally lead the defendants to think that the recovery of the difference in the values given and received was not to be the measure of recovery.   Aside from the duplicity in the petition, the facts alleged were insufficient upon either theory.   The defendants were entitled to have the issues formed upon some distinct and definite theory, and upon that theory the facts alleged must have stated a good cause of action.

"It is essential to the formation of issues and to the intelligent and just trial of causes, that a complaint should proceed upon a distinct and definite theory. It would violate all rules of pleading to permit a complaint to be construed as best suited the exigencies of the case ; to allow such a course of procedure would produce uncertainty and confusion and materially trench upon the right of the defendant to be informed of the issue he is required to meet.   The rule is, that the complaint must proceed on a distinct and definite theory, and upon that theory the case must stand or fall.   Many times our own, and other courts, have asserted and enforced this rule." ( *The Chicago*, *St. Louis and Pittsburg Railroad Company v. Bills*, 104 Ind. 16, 3 N. E. 611.)

In regard to the averments of fraud, it may be noted that the petition contains no allegations that Gruntges or Grentner represented to plaintiff that they had seen the Geary county land and were actually acquainted with its value, nor are there any averments that plaintiff was informed that they had seen the land, nor that he relied upon the representations made by them

or either of them. It was important to have the defendants know what representations were made by Gruntges and what representations were made by Grentner. To maintain his action, it was incumbent upon the plaintiff to allege and prove what representations were made; that they were false; that he believed them to be true and that he relied and acted upon them. It is true that the petition avers that the plaintiff was of weak mind and easily influenced, but, while this would render him more susceptible and easily deceived, it is nevertheless necessary to plead and prove the misrepresentations and the reliance upon them.

The judgment of the district court will be reversed and the cause remanded for further proceedings.

CUNNINGHAM, POLLOCK, JJ., concurring.