W. E. YOULE v. HENRY F. FOSHA.

No. 14,946.   (90 Pac. 1090.)

SYLLABUS BY THE COURT.

1. FRAUD — *Misrepresentations* — *Reliance.*   Relief will not be
   granted on account of false representations not shown to
   have been relied upon by the party complaining thereof.

2. PROMISSORY NOTE—*Purchaser for Value.*   Where the holder
   of a promissory note receives it as a part of an advance
   payment on a contract which obligates him to drill oil-wells
   for the indorser, and expends large sums of money in prep-
   aration for such work, he will be regarded as a purchaser
   for value.

3. ———— *Innocent Purchaser—Notice—Good Faith.*   Before
   the holder of a promissory note received for value and be-
   fore due can be deprived of the rights of an innocent pur-
   chaser it must be shown that he bought it with actual notice
   of the infirmity or was guilty of bad faith.

Youle v. Fosha.

4. —— *Replevin by the Maker—Erroneous Instruction.* In an action of replevin by the maker of a promissory note to recover the possession thereof from the holder, on the grounds that the payee obtained it by false and fraudulent representations and without consideration, it is error to instruct the jury that "if from all the facts and circumstances shown you believe the defendant had knowledge of sufficient facts to put an ordinarily prudent person upon inquiry, and you further find that the note was obtained by false and fraudulent representations, then your verdict' should be for the plaintiff, even if the defendant paid full value for the note."

5. —— *Notice of Infirmity after a Bona Fide Sale.* Notice of an infirmity in a promissory note, after a *bona fide* sale thereof, does not affect the purchaser unless he is so situated that he can protect the maker without injury to himself.

6. —— *Instruction as to Notice Erroneously Refused.* In an action of replevin by the maker of a promissory note to recover the possession thereof from the holder, on the grounds that the payee obtained it by false and fraudulent representations and without consideration, it is error, when nothing to the same effect has been given, to refuse to give an instruction at the request of the defendant which reads: "Mere suspicion in the mind of Youle at the time he obtained the note in suit that it was subject to any defense for fraud is not sufficient to prevent him from recovering judgment in his favor in this action. In order for the plaintiff to recover in this case he must allege and prove that Youle came into the possession of the note in suit with actual notice of the infirmities claimed by the plaintiff to exist in the note or that Youle was guilty of bad faith in taking the note."

Error from Riley district court; SAM KIMBLE, judge. Opinion filed June 8, 1907. Reversed.

### STATEMENT.

THIS is an action of replevin, commenced in the district court of Riley county by Henry F. Fosha, January 22, 1904, to recover the possession of a promissory note of which he was the maker. He claimed that the note was obtained by means of false and fraudulent representations, and without consideration. It had been sold, indorsed and delivered to W. E. Youle,

who claimed to be an innocent holder thereof. The note was sent to a bank in Riley county for collection, whereupon this action was commenced. Plaintiff recovered judgment, and defendant brings the case here for review. The facts relating to the transaction involved, briefly stated, are as follow:

Fosha, the maker of the note, resides in Riley county. He executed the note in question April 22, 1903, payable to the order of Henry Quantic, and due nine months after date. The note was given in payment for stock of the Ashurst Oil, Land & Development Company, located at Stockton, Cal. The plaintiff was induced to execute the note by false representations made by one L. J. Abrams, then president of such company, concerning its financial standing, resources and condition. The company was represented by him to be solvent, sound and prosperous, while in fact it was worthless. The payee of the note had purchased stock in the company from Abrams, and was a friend and neighbor of Fosha. In the agreement with Abrams, Fosha refused to execute and deliver his note to the company or to Abrams, but made it payable to the order of Quantic, who was to investigate the condition of the company, and, if found to be as represented, to indorse and deliver the note to the company; otherwise, he was to return it to the maker.

Quantic afterward transferred and delivered the note to Abrams for the company. The defendant received it before due, from the company, as part of an advance payment on a contract made by it with him for drilling oil-wells on its premises. Before accepting the note the defendant made inquiry concerning the financial ability of the maker, which was found to be satisfactory. Defendant was employed by the oil company to do $9000 worth of drilling, and at the time he first ascertained that the validity of the note was disputed he had expended over $3000 in preparation for the work, and his expenses while performing the contract amounted to the sum of $30 per day.

Whether or not the defendant is an innocent holder of the note is the sole question presented here. Upon this point the trial court gave instructions to the jury which read:

"If you further find from the evidence that the defendant, Youle, at the time of the purchase of said promissory note, or before he had parted with anything of value thereunder, had actual knowledge of the alleged fraudulent acts and representations, if any such fraudulent acts and representations are found to exist by you, or that the defendant had knowledge of such facts and circumstances as would place a reasonable and ordinary man upon his inquiry, and from such reasonable inquiry the fraudulent representations could have been ascertained, said Youle would not be an innocent purchaser and would be chargeable with the legal effect of the fraud upon his right of possession and ownership of said note."

"I further instruct you that for the purpose of determining whether the defendant, Youle, acquired the note in controversy in this action before maturity and for value in the usual course of business you may take into consideration all the facts and circumstances surrounding such transaction as to its being usual or unusual, and all the facts and circumstances as shown by the evidence, and you are at liberty to bring to your aid that knowledge and experience which you possess in common with men in general, and if from all such facts and circumstances as shown by the evidence you shall believe that the defendant, Youle, had knowledge of sufficient facts to put an ordinarily prudent person upon inquiry, and if you should further find from the evidence that said note was obtained by false and fraudulent representations as defined in these instructions, then your verdict should be for the plaintiff, even though you may believe from the evidence that the defendant paid full value for the said note."

The defendant requested the court to give the following instruction, which was refused:

"Mere suspicion in the mind of Youle at the time he obtained the note in suit that it was subject to any defense for fraud is not sufficient to prevent him from recovering judgment in his favor in this action. In order for the plaintiff to recover in this case he must

allege and prove that Youle came into the possession of the note in suit with actual notice of the infirmities claimed by the plaintiff to exist in the note or that Youle was guilty of bad faith in taking the note."

The jury returned special findings of fact, among which were the following:

"(1) Ques. Do you find that Youle, at the time he obtained the note in suit, had knowledge of the facts claimed to exist by the plaintiff, viz., that this note was not to be used or sold by the Ashurst Oil, Land & Development Company, but was to be returned to plaintiff if he demanded it? Ans. Yes. The defendant, Youle, had knowledge of sufficient facts to put an ordinarily prudent person upon inquiry, and he should have investigated, and he is presumed to know all the facts that such inquiry would have revealed."

"(3) Q. Do you find that at the time Youle obtained this note he had any knowledge of the facts alleged by plaintiff to exist, and on account of which plaintiff now seeks to recover the note? A. Same as No. 1."

*George E. Stoker*, for plaintiff in error.
*Robert J. Brock*, for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: The plaintiff in error claims that the instructions given by the trial court are erroneous, and that the instruction requested should have been given. On the other hand, the defendant in error insists that, the note having been obtained by false and fraudulent representations, the burden of proof was cast upon the plaintiff in error to establish his claim that he was an innocent holder, and, having failed to do this, the instructions given, even if erroneous, were not prejudicial. He further urges that even if the holder received the note in good faith, and without notice of the manner in which it was obtained from the payer, still he knew thereof before he parted with value or did anything under his contract, and therefore is not in a position to claim protection for anything paid or

done thereafter. Lastly, it is insisted that, if the rule stated in the instruction refused is correct, the jury in their general verdict found bad faith on the part of the holder in the purchase of the note, and therefore a new trial should not be granted.

We are unable to assent to any of the contentions made by the defendant in error. As we view the situation, the note was not obtained from the maker by the use of fraudulent representations. It may be assumed that false representations were made, but they were not believed and relied upon. Fosha refused to make the note payable to Abrams or to the company, but executed and delivered it to his neighbor and friend, Quantic, whom he authorized to investigate the financial condition of the company, and, if he found it to be as represented, then to transfer the note to the company, but otherwise to return it to the maker. Evidently Fosha was suspicious and deemed it best not to rely upon the statements of Abrams. He appointed Quantic to act for him under instructions not to part with the note until he found by a personal investigation that the company was sound. Afterward Quantic transferred the note to Abrams for the company. It cannot therefore be said that the company obtained the note by means of fraudulent representations made to the maker. Fraudulent representations, to be available as a cause of action or defense, must have been relied upon by the complaining party. (20 Cyc. 39; 14 A. & E. Encycl. of L. 106; *White, Admx., v. Smith*, 39 Kan. 752, 18 Pac. 931; *Wood v. Staudenmayer*, 56 Kan. 399, 43 Pac. 760; *Gretner v. Fehrenschield*, 64 Kan. 764, 68 Pac. 619; *Trust Co. v. McIntosh*, 68 Kan. 452, 75 Pac. 498.)

The plaintiff in error, before receiving notice of any objections to the note, had obligated himself to do $9000 worth of work for the oil company, and received the note as part of a payment thereon. The fact that this part payment was made in advance is immaterial. In addition to his obligation to perform the contract he

had actually expended more than $3000 in preparation for its completion before he received notice that the maker was dissatisfied. This was sufficient to make him a purchaser for value. (7 Cyc. 928, and following pages; 4 A. & E. Encycl. of L. 283.)

Notice of an infirmity in a note after there has been a *bona fide* sale thereof does not affect the purchaser, unless he is in a situation where he can protect the maker without loss to himself. Here the holder could not, after notice, have surrendered the note or done anything to relieve the payer, without being injured thereby.

This relation between the parties is wholly unlike that existing between a fraudulent vendor and a purchaser who has notice of the fraud before complete payment of the purchase-money has been made. In such a case it would be a matter of indifference to the vendee to whom the remainder of the purchase-price is payable. The argument of the defendant in error and the cases cited apply only to such a situation, and are not in point here.

We think the plaintiff in error is a *bona fide* purchaser of the note in controversy, and is entitled to be protected as such. The legal rule relating to notice as stated in the instruction requested by him and refused by the court is correct. (4 A. & E. Encycl. of L. 300; 7 Cyc. 944; *Fox v. Bank of Kansas City*, 30 Kan. 441, 1 Pac. 789.)

The error of the court in improperly instructing the jury upon this question is not cured by the verdict. The special findings of fact amount to a statement that the holder of the note took it without actual notice of any defense thereto. The whole subject of bad faith was withheld from the jury, and they were practically instructed that no such question was in the case. It cannot therefore be said that the general verdict contains any finding upon that subject.

Because of the error of the court in presenting the case to the jury the judgment is reversed.