No. 18,956.

RACHEL A. ALLEN, *Appellee,* v. FERDINAND
DATSCHEWSKI, *Appellant.*

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Confusion of Theories in Pleadings
—Objections Should be Raised by Motion or Demurrer.*
Where a petition states a cause of action for damages on
account of deceit and fraud and the defendant answers and
the trial is had upon that theory it is too late for the
defendant by objecting to the introduction of any evidence
to claim that the petition was not drawn upon a definite
theory or that there is a confusion of theories alleged.   The
objection should be raised by motion or demurrer.

Appeal from Barber district court; PRESTON B.
GILLETT, judge.   Opinion filed July 7, 1914.   Affirmed.

*G. M. Martin,* of Medicine Lodge, for the appellant.

*T. C. Turner,* and *F. F. Schreiber,* both of Colorado
Springs, Colo., for the appellee.

The opinion of the court was delivered by

PORTER, J.:  In the district court the cause was tried
without objection upon the theory that it was an
action to recover damages for fraud and deceit.   The
petition alleged among other things that the defendant,
for the purpose of inducing the plaintiff to exchange
her property for his land and with intent to defraud
her, stated and pretended that a certain ordinarily
dry hole on the land was a good well; that in fact he
had her taste the same and pretended that it was
water from the well and that in ordinary weather the
well contained much more water than at that time.
It alleged that the situation of the land was such that
it was impossible to make a more complete examina-
tion of the well and that she relied upon his represen-
tations.   The jury returned a verdict in her favor for

$350, and the court rendered judgment thereon, from which the defendant appeals.

It is now too late for the defendant to claim the petition was not drawn upon a definite theory or that it stated facts showing a cause of action for rescinding the contract as well as one for damages on account of deceit and fraud. In the cases which the defendant cites (*Grentner v. Fehrenschield,* 64 Kan. 764, 68 Pac. 619; *Lapere v. Luckey,* 23 Kan. 534; *Neal v. Reynolds,* 38 Kan. 432, 16 Pac. 785) the petitions were attacked before trial by motions and by demurrers. In the present case there was no motion or demurrer filed. The defendant answered by a general denial and a counterclaim in which he asked judgment against plaintiff upon a promissory note given by her as part payment for the land. At the trial he objected to the introduction of evidence on the ground that the petition failed to state a cause of action. While it may not have stated facts sufficient to entitle the plaintiff to a rescission of the contract it stated a good cause of action for damages for fraud and deceit. There was no objection to the instructions by which the court presented the theory adopted by all the parties on the trial, and as the evidence of the plaintiff sustained her cause of action the demurrer to the evidence was properly overruled. We find no error in the instructions, and besides, there was no objection made to any of them at the trial.

The evidence offered by the plaintiff tended to show that the defendant made certain representations respecting the well, that they were false, and that she believed them to be true and relied and acted upon them. This is all that was held to be necessary in a similar case upon which the defendant relies. (*Grantner v. Fehrenschield,* supra.)

The judgment is sustained by sufficient evidence, and as no error is shown it will be affirmed.