No. 21,870.

OSCAR SCHMIDT, Incorporated, *Appellee,* v. G. R. BENEDICT, Jr., *Appellant.*

### SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Holder in Due Course—Burden of Proof—Instructions.* Instructions touching the burden of proof in an action on a promissory note, where the defense was fraud in its procurement and in its negotiation through breach of faith, examined, and held that the instructions given were in substantial accordance with the pertinent provisions of the negotiable-instruments act.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed February 8, 1919. Affirmed.

*Lee Bond,* and *M. N. McNaughton,* both of Leavenworth, for the appellant.

*Benjamin F. Endres,* of Leavenworth, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action on a promissory note, negotiable in form, which plaintiff alleged that he had acquired in due course before its maturity.

The defendant admitted the execution and delivery of the note to the original payee, but alleged that the same was done without consideration; that at the time of its execution, one Peters was the payee's agent, and one Strickler was the payee's managing officer; that by means of false and fraudulent statements and representations, which were known to Strickler, Peters induced the defendant to sign this and other notes; that it was negotiated in breach of faith; and that plaintiff was not a holder in due course.

Plaintiff prevailed. Defendant appeals, and complains of two instructions which placed the burden upon him to show that plaintiff acquired the note with actual notice of its infirmities. It is his contention that he was entitled to the protection of sections 62 and 66 of the negotiable-instruments act (Gen. Stat. 1915, §§ 6582, 6586), and the doctrine announced in *Ireland v. Shore,* 91 Kan. 326, 329, 330, 137 Pac. 926, to the effect that one who acquires a note from another

having a defective title thereto has the burden of proving that he was a holder in due course. The criticised instructions were perfectly proper so far as they concerned that phase of the lawsuit with which they dealt. They related to those ordinary defenses which a maker of a note must establish before he can prevail against those whom he contends to be in no better position than the original payee. In *Ireland v. Shore,* supra, it was said:

"Suppose the defense to a note be simple breach of warranty. By producing the note properly indorsed, the indorsee establishes *prima facie* that he is a holder in due course, that is, among other things, that he took the note without notice of any infirmity. This *prima facie* case is not affected by proof of the breach of warranty. The burden rests on the maker to go further and show notice of infirmity." (p. 329.)

(See, also, *Youle v. Fosha,* 76 Kan. 20, 80 Pac. 1090; *Bank v. Reid,* 86 Kan. 245, 120 Pac. 339; *Underwood v. Fosha,* 96 Kan. 240, 150 Pac. 571.)

Elsewhere in the instructions defendant's theory of the case was fully covered. Thus, in instructions 21 and 22, the court told the jury that if the defendant's evidence showed to their satisfaction that the note had been procured by fraud, then the burden again passed to the plaintiff to show that he was a holder in due course, and that it was incumbent on him to show that he took it before its maturity, for value, and in good faith, and that he had no notice of any defect in the title of the person negotiating it, and that "the burden is on the plaintiff to show by a preponderance of the evidence that the corporation plaintiff had no knowledge of the fraud so perpetrated upon Benedict, and unless this is so proven by it, then you should find for the defendant."

The instructions closely followed the pertinent provisions of the negotiable-instruments act and well-considered precedents of this court. The record contains no error; and the judgment is affirmed.