No. 41,257

THOMAS M. TODD and H. H. ROBERTS, a Partnership, d/b/a TODD ROBERTS INSULATION CO., *Appellants*, v. WICHITA FEDERAL SAVINGS AND LOAN ASSOCIATION, a Corporation, JOHN CAUTHORN and MARVIN D. HUFF, *Appellees*.

(337 P. 2d 648)

Opinion filed April 11, 1959.

*H. E. Jones*, of Wichita, argued the cause, and *A. W. Hershberger, Richard Jones, William P. Thompson, Jerome Jones* and *Robert J. Roth*, all of Wichita, were with him on the briefs for the appellants.

*John E. Boyer*, of Wichita, argued the cause, and *George J. Hondros, Paul J. Donaldson, Harold T. Beck, Kenneth P. Stewart* and *James R. Hanson*, all of Wichita, were with him on the brief for appellees John Cauthorn and Wichita Federal Savings and Loan Association; and *A. D. Weiskirch*, of Wichita, argued the cause, and *Manford Holly*, of Wichita, was with him on the brief for appellee Marvin D. Huff.

The opinion of the court was delivered by

WERTZ, J.: This was an action brought by Thomas M. Todd and H. H. Roberts, a partnership, d/b/a Todd Roberts Insulation Co., plaintiffs (appellants), against the Wichita Federal Savings and Loan Association, a corporation, John Cauthorn and Marvin D. Huff, defendants (appellees), to recover damages, actual and punitive, alleged to have been sustained by them as a result of certain

alleged false and fraudulent representations made by defendants and relied upon by plaintiffs. From an order of the trial court sustaining defendants' demurrer to plaintiffs' petition, as amended, on the ground that it failed to state a cause of action, plaintiffs appeal.

The pertinent portions of plaintiffs' petition, as amended, alleged: In 1954 one Garner desired to enter the residential construction business in Wichita, but was without sufficient funds to do so. Defendants Cauthorn and Huff, acting individually and as officers and employees of the defendant association, undertook, by common design, to advance Garner sums of money with which he acquired record title to certain described lots in Wichita. Garner, using the record titles as separate securities, negotiated construction money mortgages on the real property with the association, in the negotiation of which Cauthorn and Huff, acting as officers and employees of the association, appraised the real property and accepted the mortgages with the knowledge that Garner had only bare legal title in the property and had neither assets nor credit sufficient to justify the extension of the construction money loans by the association. Thereafter, Cauthorn and Huff received from the proceeds of the mortgages the funds they had previously advanced Garner for the purchase of the lots, and, in addition, an amount in excess of $17,000. Garner began construction of residences on the lots and, on various occasions from July 20 through November 24, 1954, purchased goods and services from plaintiffs for use in such construction.

In January, February and March of 1955, defendants represented for communication to plaintiffs that Garner was solvent and financially responsible and that the residential construction enterprise would be financially succesful. Defendants made these representations, which were false and fraudulent and which they knew to be untrue, to deceive and induce plaintiffs to act upon them. Plaintiffs did, in fact, rely upon these representations and were induced thereby to extend credit to Garner to their injury and damage. At all times therein Cauthorn and Huff were acting as officers and employees of the association for its benefit or, in the alternative, for their individual benefit in contravention of their fiduciary relationship to the association and in concert with Garner and each other. Plaintiffs first discovered these facts after March 22, 1955, and could not, by exercise of reasonable diligence, have discovered them before that date. As a result thereof, Garner is indebted to plaintiffs in the amount of $579.32 for goods and services, and they are

entitled to recover from defendants that amount as actual damages, as well as punitive damages by reason of defendants' wilful fraud and deceit.

The gist of plaintiffs' contention is that the allegations of the petition were sufficient to state a course of conduct on the part of defendants resulting in false and fraudulent representations and statements upon which plaintiffs relied to their detriment, and that such allegations were sufficient to state the ultimate facts of a conspiracy; that any one or all of the persons involved in the conspiracy can be held liable for any loss incurred, even though they themselves did not make the statements (*Ware v. State Farm Mutual Automobile Ins. Co.*, 181 Kan. 291, 311 P. 2d 316); that all of defendants were involved in the conspiracy and were therefore liable for the loss incurred by plaintiffs; and that the petition, as amended, therefore stated a cause of action and the court erred in sustaining the demurrer thereto.

Plaintiffs' contention is without merit, in that the petition, as amended, does not bear it out. Assuming the allegations were sufficient to plead fraud on the part of defendants, the petition, as amended, when construed in its entirety, including the exhibit attached thereto, did not state a cause of action. It is an elementary rule of the law of fraud, regardless of the form of relief sought, that in order to secure redress because of false representations it is not enough to show merely that they were material, that they were known to be false and that they were made with intent to deceive, but it must also be shown that they did actually mislead and deceive, or, in other words, that they were relied upon by the complaining party to his detriment. Where a plaintiff seeks to recover because of the fraud of the defendants, based upon false representations, it is incumbent upon him to allege and prove what representations were made, that they were false, that he believed them to be true, and that he relied and acted upon them to his detriment. (*Trust Co. v. McIntosh*, 68 Kan. 452, 75 Pac. 498; *Youle v. Fosha*, 76 Kan. 20, 90 Pac. 1090; *Grentner v. Fehrenschield*, 64 Kan. 764, 68 Pac. 619; 23 Am. Jur., Fraud and Deceit, § 141, p. 939; 37 C. J. S. Fraud § 29.)

Plaintiffs' original petition appears to have complied with the above-mentioned rule, in that it alleged defendants made false and fraudulent representations upon which plaintiffs relied to their detriment, inasmuch as they extended credit to one Garner. How-

ever, in amending their petition to comply with the order of the trial court, plaintiffs attached an exhibit which revealed they had furnished the last of the goods and the labor to Garner on November 24, 1954; and they alleged in the petition, as amended, that the false representations relied upon by them had not been made until January, February and March of 1955. Thus, plaintiffs had furnished the goods and the labor and had extended credit to Garner more than thirty days prior to the time defendants had first made the alleged false representations for communication to plaintiffs.

Under such circumstances, it cannot be said that plaintiffs acted in reliance upon the statements. We held in *Breeding Association v. Scott*, 53 Kan. 534, 36 Pac. 978, that false representations made by a seller to a purchaser after a contract of sale had been consummated were not actionable. Thus, it follows that the false representations alleged to have been made by defendants to the plaintiffs regarding the financial condition of Garner after the goods and the labor had been furnished and credit extended to him would not be actionable.

The petition contained no allegation that subsequent to the making of the false representations plaintiffs, to their detriment, forewent or refrained from asserting some existing right, or that, as a result of the false representations, they changed their position in any manner. Under the allegations contained in plaintiffs' petition, as amended, the case of *Ware v. State Farm Mutual Automobile Ins. Co.*, supra, is not applicable, inasmuch as there the complaining party acted, to his detriment, in reliance upon the false representations. It follows that plaintiffs' petition, as amended, did not state a cause of action and the demurrer thereto was properly sustained. The judgment of the trial court is affirmed.

It is so ordered.