## ELROD *et al.* v. ADAIR.

No. 5857.   Opinion Filed November 23, 1915.

Rehearing Denied December 21, 1915.

(156 Pac. 634.)

**FORMER DECISION FOLLOWED.** Syllabus same as in **Elrod et al. v. Levi C. Adair, ante,** p. 207. 153 Pac. 660, handed down simultaneously with this opinion.

(Syllabus by Brewer, C.)

*Error from District Court, Nowata County;*
*T. L. Brown, Judge.*

Suit by Edna B. Adair, a minor, by Samuel Adair, her guardian, against George A. Elrod and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*W. A. Chase, W. J. Campbell, Dean S. Benton,* and *Tillotson & Elliott,* for plaintiff in error.

*A. C. Hough* and *W. D. Humphrey,* for defendant in error.

Opinion by BREWER, C.   This suit was brought by Edna B. Adair, a minor, by Samuel Adair, her father and guardian, in the district court of Nowata county, for the purpose of canceling a deed ordered by the county court of Sequoyah county, and the orders of court confirming same, which deed was made to Sam F. Wilkinson, and also a deed from said Wilkinson to Geo. A. Elrod, in which was conveyed the S. E. 1/4 of the S. W. 1/4 and the S. 1/2 of the N. E. 1/4 of S. W. 1/4 of section 3, township 27 N., range 15 E., containing 60 acres, and situated in Nowata county, for the reason

and upon the grounds, as alleged, that the sale of said lands and the deeds thereto, and the order of court confirming same, were procured through the fraud, collusion, and contrivance of the said guardian and the said purchasers, by which said fraud the court was imposed upon through the suppression of bidding, through all of which the lands of the minor were sold and conveyed for a sum greatly below their value. The court found in favor of the plaintiff, and entered a decree annulling the deeds and the order of court confirming same, ordering an accounting, in which the amount of consideration paid should be figured, and protecting the rights of the insurance company, which appears to have been treated as an innocent mortgagee.

The facts in this case are identical with those set out at length in *Elrod v. Levi C. Adair, ante*, p. 207, 153 Pac. 660, and the same points are raised for reversal here as there, and therefore the decision in that case must be the decision of this one. Besides, it is stipulated that whatever judgment is rendered in that case shall apply to the instant case. Therefore, under the doctrine announced in the case referred to above, the judgment of the trial court is in all things affirmed.

By the Court: It is so ordered.