**SIPES et al. v. DICKINSON et al.**

No. 3094—Opinion Filed March 12, 1912.

Inadvertently Omitted from Earlier Reports.

(122 Pac. 216.)

(Syllabus by the Court.)

**1. Appeal and Error—Time for Appeal.**

The amendment to section 574, c. 66 (section 4452), General Statutes of Oklahoma 1893, provided for in chapter 18, Sess. Laws of Oklahoma 1910-11, p. 35, reducing the time allowed for appeal from a judgment from one year to six months, does not operate retrospectively nor apply to judgments entered before its passage, but is limited in its operation to judgments thereafter entered; therefore the proceedings in error taken within one year from the entry of a judgment, even though more than six months has expired, will not be dismissed.

**2. Appeal and Error—Necessary Parties.**

A person who is not a party to the suit in the trial court is not a necessary party to review the cause in this court, although the trial court, in rendering the judgment sought to be reviewed, taxed such person and the parties defendant with the costs.

Error from District Court, Pontotoc County; A. T. West, Judge.

Action between Charles B. Sipes and others and J. M. Dickinson and others. From the judgment, Sipes and others bring error. Motion to dismiss overruled.

Blanton & Andrews, for plaintiffs in error.

C. A. Galbraith, for defendants in error.

TURNER, C. J. This is a petition for a rehearing of a motion to dismiss this proceeding in error, heretofore overruled by us. The judgment appealed from being rendered and entered November 10, 1910, and the petition in error and case-made being filed in this court September 28, 1911, we adhere to our opinion in overruling said motion that the statutory time for appeal had not expired. Rolater v. Strain, 31 Okla. 58, 119 Pac. 992. As the other ground set forth in said motion was also insufficient to dismiss the appeal, we adhere to our former action in overruling the motion so to do. It was "that all parties defendant whose interests would be affected by a reversal of said judgment, have not joined in said appeal, and those not joining have not been made defendants in error herein." On this point the record discloses that the judgment ran: "That the plaintiffs do have and recover of and from the defendants the Little Carter Co., a corporation, C. L. Jackson, Charles B. Sipes. Harry F. Hall, and W. M. Wade the sum of $500 and the costs. * * * " In support of the motion, it is urged that C. L. Jackson is a necessary party to this proceeding. Not so. Only parties below are necessary parties here, although the judgment sought to be reviewed discloses that some affirmative relief was rendered against a person not a party. Jackson was not a party below. This for the reason that he was not mentioned in the pleadings; nor was there any attempt to make him a party. His

only connection with the record in the trial court was that he was served as agent for the Little Carter Company, one of the parties defendant, and judgment rendered and entered against him as stated.

In Wood v. Staudenmayer, 56 Kan. 399, 43 Pac. 760, the court said:

"Anna M. Drury was a party to the notes and mortgage decreed to be canceled, and, although Dr. Staudenmayer sought to recover a judgment against her upon the notes, the judgment of the court was that she be discharged from all liability on both notes and mortgage. If she was a party in the district court, her presence here is undoubtedly necessary to a review. She was not mentioned as a party in the title to any of the pleadings in the case; nor was there any order of the court obtained expressly directing or allowing her to become a party. When Dr. Staudenmayer set up the Drury notes and mortgage, he asked that she be made a party, and in the reply, which was filed a few days later, there is the following language: 'Further replying herein, these plaintiffs, and said Anna M. Drury joining herein, and as the wife of said R. B. Drury, having no other interest in the subject-matter thereof, says,' etc. The counsel signed this pleading as 'plaintiff's attorney.' In the judgment, the court adjudges the annulment of 'the three several notes executed by the plaintiffs R. B. Drury and Anna M. Drury,' which were secured by a mortgage; 'that the said notes, and each thereof, and the said mortgage, each as the obligation of the said defendants, R. B. Drury and Anna M. Drury, as also any liability on account thereof of the other defendants, C. J. Drury and Robert McCrie, be canceled.' The majority of the court are of the opinion that, as no leave was obtained from the court to make her a party, and that as she did not sign any of the pleadings as plaintiff or defendant, and no attorney expressly signed for her, she cannot be regarded as a party in the trial court, and therefore her presence is not necessary here."

As the motion to dismiss was properly overruled, the petition to rehear said motion is also overruled.

All the Justices concur.