Plaintiff in error, one of the devisees of the will of Sampson James, deceased, petitioned the county court to have the same proved. Defendants in error, alleging themselves to be heirs at law of the deceased, appeared to contest the same and filed written grounds of opposition to the probate thereof. The person named in the will as executor renounced in writing his right to letters. At the hearing the will was admitted to probate, and James Hudspeth was appointed administrator with will annexed. The contestants appealed to the district court of that county. The regular judge of that court having certified that he was disqualified, the parties agreed upon Hon. W.S. Farmer as special judge, who presided at the trial therein. Upon the hearing in the district court, probate of the will was denied, to reverse which this proceeding in error is prosecuted on transcript of the record. The proponent of the will is the sole plaintiff in error here, and the contestants are the sole defendants in error.
The defendants in error move to dismiss this proceeding in error for the reason that the person appointed by the county court as administrator with the will annexed was not made a party plaintiff or defendant in error, and who they assert is a necessary party. We do not think that the administrator is a necessary party here, for the reason that it does not appear that he was a party to the proceeding in the court below. Section 6200, Revised Laws 1910, provides that any executor, devisee, or legatee named in the will, or any other person interested in the estate, may petition the court having jurisdiction to have the will proved. Section 6207 provides that any person interested may appear and contest the will. Section 6910 provides that on the trial the contestant is plaintiff and the petitioner is defendant. Section 6514 provides that, on appeal to the district court, plaintiff in the county court shall be the plaintiff therein.
It is quite clear that the only parties to the contest in either of the courts below were the contestants, defendants in error here, as plaintiffs below, and the proponent, plaintiff in error here, as defendant below. It is well settled in this jurisdiction that a person who *Page 71 
is not a party to the suit in the trial court is not a necessary party to review the case in this court. Sipes v. Dickinson, 63 Okla. 316, 122 P. 216; Board of Commissioners v. Harvey, 5 Okla. 468, 49 P. 1006; State v. Holt,34 Okla. 314, 125 P. 460; Iowa Land Trust Co. v. Dawson,37 Okla. 593, 602, 134 P. 39, 43. The rule announced in Bell v. Davis,43 Okla. 221, 142 P. 1011, does not support the contention of the defendants in error. In that case the proponent of the will in the county court was the person named as executor. After the cause had been appealed to the district court, he died, and the county court appointed an administrator with the will annexed. This administrator was substituted as the proponent in the district court, and was thereby made a party to the proceedings, and it was for that reason that this court said that the administrator with the will annexed was not only a proper, but a necessary, party. It does not appear from the transcript that the administrator with the will annexed ever became a party to the proceeding in the court below; hence he is not a necessary party here, and the motion to dismiss is therefore overruled.
At the time the judgment was rendered in the court below refusing to admit the will to probate, the plaintiff in error was allowed, by order of the judge who tried the case, additional time within which to make and serve case-made. It is made to appear in this court that within the time allowed the special judge, before whom the case was tried, died without having settled and signed the case-made. The plaintiff in error sufficiently shows that the errors complained of by him cannot be presented for review by transcript, and says that, because he cannot obtain a case-made, he has been thereby deprived of his right to present a complete appeal to this court, and urges this ground alone for reversal of the judgment, citing Ripey 
Son v. Art Wall Paper Mill, 27 Okla. 600, 112 P. 1119, and Duffield v. Ingraham, 35 Okla. 11, 128 P. 111.
At the time of the rendition of the judgment appealed from in the cases cited, no provision had been made for settling and signing the case-made, where the judge who had tried the case died within the time allowed therefor, and it was held that, the party being thereby deprived of his right to present a complete appeal to this court, he was entitled to a new trial. Subsequently a provision was incorporated in the Revised Laws of 1910, which was in effect at the time of the trial of this case, which provides that, if after final judgment the judge who presided at the hearing shall die, the successor of said judge shall settle, sign, and certify the case-made. Section 5245. If the regular judge of the court had presided at the trial, under the provisions of this section his successor would have been authorized to settle and sign the case-made; but, as before stated, the regular judge of the court was disqualified and a special judge presided in his stead. The regular judge is still the incumbent of the office, and by reason of his disqualification in this case could not settle and sign the case-made. No provision has been called to our attention for the selection of the successor to a special judge who has died. Section 5245 did not aid plaintiff in error, for the reason that there is no successor of the judge who presided at the hearing.
There being no one authorized by law to settle and sign the case-made, the doctrine of the cases cited and relied upon by plaintiff in error is applicable, and it follows that the judgment herein must be reversed and remanded, with directions to grant a new trial.
All the Justices concur, except RAINEY, J,. not participating, and KANE, J., absent.