## WILEY, Gd'n, v. LEWIS et al.

No. 20668. Opinion Filed Oct. 13, 1931.

Wellington L. Merwine and Charles V. Adair, for plaintiff in error.

Logan Stephenson, Ethel M. Proffitt, and James M. Shackelford, for defendants in error.

KORNEGAY, J. This cause originated by the filing in the district court of Okmulgee county a petition which is as follows:

"J. M. Wiley, as guardian of the persons and estates of Chote Fish and Louinachee Fish, Minors, Plaintiff, v. Winey Lewis, Mahaley Hickman, Katie Litsey, Frazier Fish, Milley Gilroy, Roy Corbett as special administrator of the estate of Little Fish, decd., J. Hugh Nolan, W. H. Woods, G. M. Castle, H. B. Vanpelt, Sid White, Nora B. White, W. E. McKinney, Mary E. McKinney, Hugh Barham, Allen G. Nichols and J. N. Maloy, Defendants. No. 16312.

"Petition.

"Comes now the plaintiff and for cause of action herein alleges that on the ____ day of March, 1929, he was by the county court of Okmulgee county, Okla., duly appointed guardian of the persons and estates of the said Chote Fish and Louinachee Fish, minors, and he thereupon gave bond and duly qualified as such guardian and is now acting as their guardian; that one Little Fish, a full-blood enrolled citizen of the Creek Nation or Tribe of Indians, on the 16th day of April, 1927, made and published, according to law, his last will and testament in which he bequeathed to each of the defendants, his children, Winey Lewis, Mahaley Hickman, Katy Litsey, Frazier Fish, and Milley Gilroy, the sum of $5, all of whom were full-blood Indians to whom allotted lands were given by the Creek Nation, and he also gave and devised to his son, the said Chote Fish, that portion of his surplus allotment as a citizen of the Creek Nation, described as follows, to wit: The east half of the northeast quarter of the southwest quarter and the southeast quarter of the southwest quarter of section 7, township 11 north, range 12 east, in Okmulgee county, Okla., for and during the remainder of his natural life and then to his heirs; with all the privileges, however, during his natural life of making oil, gas, and other mineral leases thereon for a perpetual or any lesser term, and receiving and enjoying the rents, royalties, and other emoluments to accrue therefrom or thereunder or under leases existing at the time of his death; and in which last will he also gave and devised to his daughter, the said Louinachee Fish, that portion of his surplus allotment as a citizen of the Creek Nation, described as follows, to wit: Lot 3 and the west half of the northeast quarter of the southwest quarter of section 7, township 11 north, range 12 east, in Okmulgee county, Okla., for and during the remainder of her natural life and then to her heirs; with the privilege, however, during her natural life, of making oil and gas and other mineral leases thereon for a perpetual or any lesser term, and receiving and enjoying the rents, royalties, and other emoluments to accrue therefrom and thereunder, or under leases existing at the time of his death; and in which last will he also gave and devised to said minor children, Chote Fish and Louinachee Fish, in equal moieties, all of his homestead allotment, as a citizen of the Creek Nation, described as follows: Lot 4 of section 7, township 11 north, range 12 east in Okmulgee county, Okla., for and during the remainder of their natural life and then to their heirs; with the privilege, however, during their natural lives, of making oil, gas, and other mineral leases thereon for a perpetual or any lesser term, and receiving and enjoying the rents, royalties, and other emoluments to accrue therefrom and thereunder, or under leases existing at the time of his death; and he also by said will bequeathed and devised to said Chote Fish and Louinachee Fish, all the rest, residue, and remainder of his property, real, personal and mixed wherever situated, share and share alike; that in said last will and testament the said Little Fish appointed and designated William Sullivan as sole executor without bond and committed to the said William Sullivan the guardianship of the said Chote Fish and Louinachee Fish, until they should lawfully attain the age of majority; that a copy of said last will and testament of the said Little Fish, deceased, is hereto attached, marked Exhibit 'A' and made a part hereof, to which reference is here made for more particularity of statement; that upon the death of the said Little Fish, the said William Sullivan, named and designated in said will as executor thereof, on the 5th day of May, 1927, filed his petition in the county court of Okmulgee county, Okla., the court having jurisdiction thereof, for the probate of said last will and testament, and on the same date, the court made and entered an order in said proceeding fixing the 20th day of May, 1927, as the date for the hearing thereof and due notice of said hearing was given to all parties interested therein as required by law, and the order of said court, and at the time fixed for said hearing the defendants Winey Lewis, Mahaley Hickman, Katie Litsey, and Milley Gilroy, devisees in said will, by their attorneys, Nolan and Woods, filed in said proceeding their written contest of same in which they asked that the probate of the said last will and testament be refused and the county court on hearing the testimony and the argument of counsel, on the 15th day of July, 1927, ordered, adjudged, and decreed that said instrument be admitted to probate as the last will and testament of the said Little Fish, deceased, and that the

same, together with the proof thereof, be recorded and that the same be and is hereby established as a valid will passing both the real and personal estate therein named and described to the persons therein named and designated and that letters testamentary issue to William Sullivan, the person therein named, as executor upon his giving and filing his oath of office as required by law; that on the 16th of July, 1927, the defendants herein and the contestants in said proceedings, Mahaley Hickman, Winey Lewis, Katie Litsy, and Milley Gilroy, by their counsel, gave written notice of an appeal from said order and decree probating said will to the district court of Okmulgee county, Okla., and gave the bond required for such appeal, and on the 6th day of December, 1927, thereafter, said appeal was lodged for the first time in said district court of Okmulgee county, Okla., but while the county court still had jurisdiction, and control of said proceeding to probate said will, the said William Sullivan, the person named as executor under said will without bond and who was by the county court appointed as such executor, died on the _____ day of November, 1928, and whose death was well known to the parties contesting the probate of said will, and notwithstanding the fact that the said William Sullivan was a necessary and indispensable adverse party to the proceeding in the county court, his death was never suggested to the county court in such proceeding, nor was any order of revivor as to him made and entered therein, nor was any order of revivor as to him made and entered in the district court in which said appeal was lodged; and more than one year has elapsed since the death of the said William Sullivan and said cause cannot now be revived in, either the proceeding in the county court or the proceeding on appeal in the district court without the consent of the adverse parties, which consent cannot now be obtained as the said guardian of said minors here and now refuses to give the same; that by reason of the premises, the judgment and decree of the county court in admitting said will to probate became and now is final and forever binding on all of the parties to this action; that such proceedings were had on said appeal in said district court that the latter court on the 5th day of April, 1928, by its decree and order entered upon the journals of said court on the 5th day of April, 1928, ordered, adjudged, and decreed that the judgment of the county court adjudging and decreeing that said instrument purporting to be admitted to probate as the last will and testament of said Little Fish, deceased, be and the same is hereby reversed, and the probate of said will was denied and that said county court of Okmulgee county was directed to enter a judgment according to the judgments of said district court denying the will to probate. a duly certified copy of said judgment and decree of said district court is hereto attached, marked exhibit 'B' and made a part hereof, reference to which is hereby made for more particularity of statement; that the only provision contained in said decree as to the death of William Sullivan was the following: 'Thereupon the death of William Sullivan who had heretofore appeared as next friend of the minor proponents of the will was suggested by I. H. Cox as having occurred in the month of November, 1927, during the pendency of this appeal. Thereupon it was by the court ordered that John C. Warnock, attorney of this bar, be and he was thereupon appointed as next friend and guardian ad litem for the minors, Chote Fish and Louinachee Fish, proponents of the will. Mr. Warnock being present in court thereafter sat in the case and thereafter represented said minors as said next friend and guardian ad litem.'

"The said J. M. Wiley, as such guardian of said minors, further avers that after said decree on appeal in the district court was made and entered upon the journal of said court as hereinafter appears, the following mortgage, deeds, oil, and gas grants and instruments of conveyance were made, executed, and delivered to the several grantees therein, all of which were, because of the invalidity of said decree of said district court had been made and entered by said court without any jurisdiction, void and do not operate to convey any title or interest in, and to the real estate therein described or in and to any of the real estate so devised to said minors by said last will and testament of said Little Fish, deceased, because the grantors had no title or interest therein which they could convey or the grantees therein could receive and hold and all of which said conveyances thereof, though approved by the county court of Okmulgee county, Okla., are void and of no effect and operate only to cloud the title of the said Chote Fish and Louinachee Fish in and to the real estate so devised to them, in said last will and testament and all of said instruments of conveyance and said decree of the district court on appeal, recorded in district court civil journal Book 41, at page 582, should be canceled, set aside, and held for naught, as well as the records thereof, to wit:

"One certain mortgage made by the defendant Milley Gilroy to the defendant Sid White conveying her supposed title and interest in the southwest quarter of section 7, township 11 north, range 12 east, for the sum of $500, which mortgage was filed for record with the county clerk of said county on the 23rd day of April, 1929, and recorded in Book 383, at page 543 of the records in his office:

"One certain warranty deed made by the defendant Frazier Fish, his wife joining, to

the defendant G. M. Castle, conveying all of the title of the said Frazier Fish in said southwest quarter section of land last above specifically described, which deed was filed for record with the county clerk of said county on the 24th day of April, 1928, and recorded in Book 388 at page 21 of the records of his office;

"One certain oil and gas grant made by the defendant Milley Gilroy to the defendant Cora B. White, covering an undivided 17/320 interest in and to the oil and gas rights in said southwest quarter section last above herein described, which oil and gas grant was filed for record in the office of the county clerk of said county on the 30th day of April, 1928, and recorded in Book 388 at page 541 of the records in his said office;

"One certain oil and gas grant made by the defendant Winey Lewis, her husband joining therein, to the defendant Mary E. McKinney, conveying an undivided 11/80 interest in and to all the oil and gas rights in and to said southwest quarter section last above specifically described, which oil and gas grant was filed for record with the county clerk of said county on the 30th day of April, 1928, and recorded by him in Book 388 at page 549 of the records in his office;

"One certain warranty deed made by the defendant Katie Litsey, her husband joining, to the defendant Mary E. McKinney covering all of her right, title and interest in and to said southwest quarter section last above herein described, which deed was filed for record on the 1st day of May, 1928, in the office of the county clerk of said county, and recorded in Book 389 at page 50;

"One certain oil and gas grant made by the defendant, Mary E. McKinney to the defendant Hugh Barham, conveying an undivided 1/32 interest in and to the oil and gas in said southwest quarter section last above herein specifically described, which deed was filed for record on the 2nd day of May, 1928, in the office of the county clerk of said county, and recorded in Book 388 at page 381 of the records in his office;

"One certain oil and gas grant made by the defendant Mary E. McKinney to the defendant Allen G. Nichols, conveying an undivided one-sixteenth interest in said southwest quarter section last above herein specifically described, which deed was filed for record on the 2nd day of May, 1928, in the office of the county clerk of said county, and recorded in Book 388 at page 387 of the records in his office;

"One certain deed from Mahaley Hickman, her husband joining therein, to the defendants G. M. Castle and H. B. Van Pelt, conveying all their interest in said southwest quarter in said section as last above herein specifically described, made on the 11th day of May, 1928, and filed for record on said date in the office of the county clerk of said county and state and recorded in Book 389 at page 175 of the records in his office;

"One certain quitclaim deed made by said J. Hugh Nolan and W. H. Wood to the defendants G. M. Castle and H. B. Van Pelt, covering said quarter section above herein described, made on the 14th day of May, 1928, and filed for record on the 16th day of May, 1928, in the office of the county clerk of said county and recorded in Book 389 at page 305 of the records in his said office;

"One certain warranty deed made by the defendant Winey Lewis, her husband joining therein, made to the defendant J. N. Maloy, on the 6th day of October, 1928, conveying all her interest in said southwest quarter section of land last above herein described and filed for record on the date last aforesaid in the office of the county clerk of said county in Book 396 at page 125, of the records of his office.

"Plaintiff further avers that, on the 27th day of October, 1927, the defendant Milley Gilroy, her husband joining therein, having no right, title or interest in said southwest quarter of the section last above herein specifically described, on the 27th day of August, 1927, made, executed and delivered a quitclaim deed therefor to the defendant W. E. McKinney, which deed was filed for record on the 21st day of February, 1927, with the county clerk of said county and state, and was recorded in Book 376 at page 41 of the records in his office and that said deed last aforesaid was void and operates as a cloud on the title to the said real estate of said minors and said deed and the records thereof, should be canceled, set aside, and held for naught; that the defendants herein and each of them claim some right, title, or interest in and to said lands so devised to said infants by said last will and testament which is not well founded and which is void and operates as a cloud upon plaintiff's title to said lands and said defendants and each of them should be required to set up the same herein by appropriate pleadings, or be forever barred from asserting the same; that said defendants and each of them be forever restrained and injoined from hereafter setting up any right, title, claim, or interest in and to said real estate so devised to said infants; that their title to said land so devised to them by said last will and testament as against the claims of all the defendants herein be forever quieted and that they may have such other and further relief in the premises as equity and the nature of the case may require.

"Wherefore plaintiff prays that the aforesaid mortgage, deeds, oil and gas grants, and instruments of conveyance and the order and decree of the district court made and entered on the 5th day of April, 1928, and the various records thereof be canceled, set

a..ide, and held for naught, and the defendants and each of them be divested of any claim, right, title or interest by virtue thereof; that the title to Chote Fish and Louinachee Fish in and to the property set forth in the last will and testament of the said Little Fish be forever quieted and the defendants and each of them be forever restrained and enjoined from asserting any right, title, or interest in and to the said property so devised in said last will and testament to the said devisees therein, Chote Fish and Louinachee Fish, and that they have such other and further relief in the premises as equity and the nature of the case may require.

"Wellington L. Merwine,
"Attorney for Plaintiff."

This was duly verified. A copy of the journal entry reversing the county court is as follows:

"Now, on this 5th day of April, 1928, the above cause came on to be heard upon appeal from the county court of Okmulgee county, cause No. 2759, for trial de novo before the Hon. James M. Hays, judge. The proponents of the will appeared by their attorneys, I. H. Cox and Almond D. Cochran, and contestants appeared personally and by their attorneys, Nolen & Woods. Thereupon, the death of William Sullivan, who had heretofore appeared as next friend for the minor proponents of the will, was suggested by attorney I. H. Cox as having occurred in the month of November, 1927, during the pendency of this appeal; whereupon it was by the court ordered that John C. Warnock, an attorney at this bar, be and he thereupon was appointed as next friend and guardian ad litem for the minors, Chote Fish and Louinachee Fish, the proponents of the will. Mr. Warnock, being present in open court, thereafter sat in the case and represented said minors as such next friend and guardian ad litem.

"Thereupon, the proponents of the will introduced their evidence and rested, and the contestants introduced their evidence and rested, and said matter was duly argued by counsel.

"Having heard the evidence and arguments of counsel, and being fully advised in the premises, the court finds that Little Fish, during his lifetime and at the time of his death, was a permanent resident of Okmulgee county, Okla.; that he died on April 25, 1927, while temporarily domiciled at the home of his son, Frazier Fish, in Okfuskee county, Okla.; that the purported will of said Little Fish was filed in the county court of Okmulgee county, Okla., on May 2, 1927, and that thereafter, on the 5th day of May, 1927, there was filed in said court the petition of William Sullivan for the probate and allowance of the said instrument as the last will and testament of the said Little Fish, deceased; that thereafter, and on May 20, 1927, the contestant's herein filed their contest and objection to the allowance and probate of said will.

"The court further finds that the said will was not properly attested and subscribed to in compliance with the statutes of the state of Oklahoma.

"It is, therefore, ordered, adjudged, and decreed by the court that the judgment of the county court adjudging and decreeing that the said instrument purporting to be admitted to probate as the last will and testament of the said Little Fish, deceased, be and the same is hereby reversed, and the probate of said will is hereby denied, and the said county court of Okmulgee county directed to enter a judgment according to the judgment of this court, denying the will to probate.

"To all of which judgment, order, and decree, the proponents of the will, by their attorneys and guardian ad litem, excepted, and in open court gave notice of their intention to appeal to the Supreme Court of the state of Oklahoma, and asked that the clerk of the court be directed to enter such notice upon the proper record, and the clerk was thereupon directed to make such record.

"James M. Hays, Judge."

The will, with the attestation and the acknowledgment and approval by United States Commissioner Shackelford, is as follows:

"Last Will and Testament.

"I, Little Fish, a resident of Okmulgee county, state of Oklahoma, and a full-blood citizen of the Creek Nation or Tribe of Indians, enrolled upon the final rolls of said tribe at No. 4747, being now of sound and disposing mind and memory, but sensible of the uncertainty of life, and desiring to make disposition of my property and affairs while in health and strength, do hereby make, publish, and declare the following to be my last will and testament, hereby revoking and canceling all other or former wills by me at any time made.

"(1) I direct the payment of all my just debts and funeral expenses.

"(2) I give and bequeath to my daughter, Winey Lewis, the sum of five dollars ($5.00).

"(3) I give and bequeath to my daughter, Mahaley Hickman, the sum of five dollars ($5.00).

"(4) I give and bequeath to my daughter, Katie Litsey, the sum of five dollars ($5,-00).

"(5) I give and bequeath to my son, Frazier Fish, the sum of five dollars ($5.00).

"(6) I give and bequeath to my daughter, Milley Gilroy, the sum of five dollars ($5.-00).

"(7) I give and devise to my son, Chote Fish, that portion of my surplus allotment, as a citizen of the Creek Nation, described as follows, to wit:

"The east half of the northeast quarter of the southwest quarter and the southeast quarter of the southwest quarter of section 7, twp. 11 north, range 12 east, in Okmulgee county, Okla.; for and during the remainder of his natural life, and then to his heirs; with all the privilege, however, during his natural life, of making oil, gas, and other mineral leases thereon for a perpetual or any lesser term, and receiving and enjoying the rents, royalties, and other emoluments to accrue therefrom and thereunder, or under leases existing at the time of my death.

"(8) I give and devise to my daughter, Louinachee Fish, that portion of my surplus allotment as a citizen of the Creek Nation described as follows, to wit:

"Lot three and the west half of the northeast quarter of the southwest quarter of section 7, township 11 north, range 12 east, in Okmulgee county, Okla.; for and during the remainder of her natural life, and then to her heirs; with the privilege, however, during her natural life, of making oil, gas and other mineral leases thereon for a perpetual or any lessor term, and receiving and enjoying the rents, royalties, and other emoluments to accrue therefrom and thereunder, or under leases existing at the time of my death.

"(9). I give and devise to my children, Chote Fish and Louinachee Fish, in equal moities, all of my homestead allotment as a citizen of the Creek Nation, described as follows, to wit:

"Lot four of section 7, township 11 north, range 12 east, in Okmulgee county, Okla.; for and during the remainder of their natural lives, and then to their heirs; with the privilege, however, during their natural lives of making oil, gas and other mineral leases thereon for a perpetual or any lesser term, and receiving and enjoying the rents, royalties, and other emoluments to accrue therefrom and thereunder, or under leases existing at the time of my death.

"(10) I give, devise, and bequeath to my children, Chote Fish and Louinachee Fish, all the rest, residue, and remainder of my property, real and personal and mixed wherever situated, share and share alike.

"(11) I hereby direct that my debts, expenses of last illness, funeral expenses, and the specific legacies to my children, Winey Lewis, Mahaley Hickman, Katie Litsey, Frazier Fish ,and Milley Gilroy, to be paid out of the money on hand at the time of my death, and that if the same is unsufficient for that purpose, that the personal property of my estate be sold to provide funds for such payment, and that in the event the same is insufficient, then that the rents, profits, and income from my said surplus allotment be used for that purpose until such time as the said debts, expenses and legacies shall have been fully paid.

"(12) I hereby appoint and designate Wm. Sullivan as sole executor without bond, of this, my last will and testament.

"(13) I hereby commit the guardianship of my children, Chote Fish and Louinachee Fish, until they shall respectively attain the age of majority, unto Wm. Sullivan during his life time, and from and after his decease, to such competent person as shall be appointed by the probate court having jurisdiction of the guardianship of said minor children.

"In witness whereof, I, Little Fish, have to this my last will and testament, consisting of three sheets of paper, caused my name to be subscribed and my mark affixed this 16th day of April, 1927.

his

"LittleXFish    his Right

mark    ( )

thumb mark."

"Little Fish, being unable to sign his name to the foregoing instrument, he requested me, the undersigned, Vassie W. Adams, to sign his name thereto, in his behalf, which I thereupon did, in the presence of L. Butts, I. H. Cox, and Wm. Sullivan; and thereupon Little Fish made his mark to said signature by me made and declared and published the foregoing instrument as his last will and testament, and requested the undersigned witnesses to sign their names hereto as witnesses, which we have done in his presence and in the presence of each other, this 16th day of April, 1927.

"Vassie W. Adams, Okmulgee, Okla.
"Wm. Sullivan, Henryetta, Okla.
"L. Butts, Henryetta, Okla.
"I. H. Cox, Okmulgee, Okla."

"United States of America, State of Oklahoma, Eastern Judicial District of Oklahoma, Okmulgee County, ss:

"Before me, T. F. Shackelford, United States Commissioner for the Eastern District of Oklahoma, on this 16th day of April, 1927, personally appeared Little Fish, Creek allottee, Roll No. 4747, to me well known to be the identical person who executed the within and foregoing instrument, by his mark, in my presence and in the presence of Vassie W. Adams, L. Butts, Wm. Sullivan, and I. H. Cox, as witnesses, and acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth.

"And I do further hereby certify that at said time and place, I approved and do hereby approve the same as the last will

and testament of the said Little Fish, the testator therein.

"In witness whereof, I have hereunto subscribed my name and affixed my official seal this 16th day of April, 1927.

"T. F. Shackelford,
"United States Commissioner for the "Eastern District of Oklahoma."
(Seal)

"State of Oklahoma, Okmulgee County, ss.

"I, Frazier Fish, being duly sworn, upon my oath say: That before the execution of the within and foregoing will, the same was read to me by T. F. Shackelford, United States Commissioner for the Eastern District of Oklahoma, and by me truly and faithfully translated from the English language into the Creek language to my father, Little Fish, the testator therein, and that at the time he executed the same, the contents thereof were fully known and understood by him.

"Witness my hand this 16th day of April, 1927.

"Frazier Fish."

"Subscribed and sworn to before me this 16th day of April, 1927.

"Vassie W. Adams,
"Notary Public."

"Indorsed: Last will and testament of Little Fish. Opened and will filed this 30th day of April, 1928.

"Orlando Swain, County Judge."

On the 25th day of May, 1929, by leave of court, an addition was made to the petition, which is as follows:

"Wherefore, plaintiff prays that the aforesaid mortgage, deeds, oil, and gas grants and instruments of conveyance, and the order and decree of the district court made and entered on the 5th day of April, 1928, in cause No. 15391, and the various records thereof be canceled, set aside, and held for naught, and the defendants and each of them be divested of any claim, right, title, or interest by virtue thereof; that the title of said Chote Fish and Louinachee Fish in and to the property set forth in said last will and testament of the said Little Fish be forever quieted and the defendants and each of them be forever restrained and enjoined from asserting any right, title, claim, or interest in and to the said property so devised in said last will and testament to the said devisees therein, Chote Fish and Louinachee Fish, and that they may have such other and further relief in the premises as equity and the nature of the case may require."

Defendant Maloy filed an answer, but later withdrew it, by leave of court, and filed a demurrer. Mahaley Hickman, Kate Litsey, Milley Gilroy, Frazier Fish, J. Hugh Nolan, G. M. Castle, and H. B. Van Pelt, by J. Hugh Nolan, their attorney, demurred to the petition on the ground of its not stating a cause of action, and the court's having no jurisdiction of the person of the defendants or the object of the action. No special appearance, however, was made by them. Hugh Barham and Allen G. Nichols demurred on account of the facts not being sufficient to entitle plaintiff to a judgment. Sid White and Nora B. White, W. E. McKinney, and Mary E. McKinney likewise demurred for insufficiency of facts to constitute a cause of action. J. N. Maloy also demurred for the same reason.

On the 3rd of August, 1929, the court sustained these demurrers, and the plaintiff stood upon his petition, and excepted to the sustaining of the demurrers, and gave notice and brings the case here. According to the allegations of this petition, which are taken as true in the light of the demurrers, this was a will of a full-blood Indian, devising his allotted lands. He had two kinds of children, minors and adults. To the minors, he gave his land, a portion of 60 acres to one of the minors, and to the other 60 acres, which constituted his surplus land, and his homestead land he divided between them. He gave to the adult children $5 each. He named, as executor in the will, William Sullivan, and nominated him as guardian of his two minor children. By the terms of the will, he undertakes to give to each one of the minor children a right to develop the land for oil and life estate in the property.

The allegations of the petition are that William Sullivan, the executor and testamentary guardian, filed on the 5th of May, 1927, in the county court of Okmulgee county, Okla., his petition for the probate of the will, and the county court, after a hearing on July 15, 1927, admitted the will to probate in order for letters testamentary to issue to William Sullivan.

On the 16th of July, 1927, the contestants, Winey Lewis, Mahaley Hickman, Katie Litsey, and Milley Gilroy, gave written notice of appeal from the order, and the appeal was lodged on the 6th of December, 1927, in the district court of Okmulgee county. Sullivan died in November, 1928, as claimed in the petition, on page 5 of the transcript, but it is very evident that this 28 was intended to be 27. It is charged in the petition that the only provision contained in the decree as to the death of William Sullivan was the following:

"Thereupon the death of William Sulli-

van who had heretofore appeared as next friend of the minor proponents of the will was suggested by I. H. Cox as having occurred in the month of November, 1927, during the pendency of this appeal. Thereupon it was by the court ordered that John C. Warnock, attorney of this bar, be and he was thereupon appointed as next friend and guardian ad litem for the minors, Chote Fish and Louinachee Fish, proponents of the will. Mr. Warnock being present in court thereafter sat in the case and thereafter represented said minors as said next friend and guardian ad litem."

It is alleged that, shortly after the reversal of the county court, the heirs, except the minors, made deeds for interests in the property devised to the minors, and that the plaintiff Wiley was later, by the county court of Okmulgee county, appointed as guardian for the minors, and that he resorted to this action for the purpose of protecting their interest in the lands and removing the cloud from title that was engendered by virtue of the deeds made by the heirs, some of which, the grantors being full-bloods, were approved by the county judge of Okmulgee county.

The position is taken by plaintiff in error that, notwithstanding the contestants of the will knew of the death of the executor and proponent, no steps were taken to revive the contest proceeding by substituting a new administrator with the will annexed, to take the place of the executor under the will. The position is taken by defendants in error that the district court had no jurisdiction to entertain the second suit, and that the remedy of the minors was to appeal from the judgment of the district court, refusing to let the county court's judgment stand, which admitted the will to probate. The solution of that question is not free from difficulty.

The will on its face appears to have been witnessed by four witnesses, and to have been acknowledged before a United States Commissioner, who appears by his certificate to have been also a witness, and the contents explained to the devisor, and the name of the testator appears to have been written by a party who wrote his name as a witness to the will at the request of the testator, and it appears that the one who wrote the testator's name, and the other subscribing witnesses, signed the will at the request of the testator, in his presence and in the presence of each other. We have not before us the depositions of the subscribing witnesses; all that is brought before us being the copy of the will, with the attesting

clause, which appears to be signed by Vassie W. Adams, William Sullivan, L. Butts, and I. H. Cox, the attesting clause being at the end of the will and dated the 16th of April, 1927, and signed by the various parties, with their post office addresses. The acknowledgment before the United States Commissioner appears to have been on the 16th of April, 1927, and his approval thereof made on the same day. Accompanying this approval was an affidavit of Frazier Fish, who apparently was one of the defendants in this suit, as named, but is not one of the parties who contested the will, of having translated to his father the contents of the will.

We are not advised as to just what was the reason of the judge of the district court in refusing probate of the will, except as it appears in the journal entry of the 5th of April, 1928. According to the findings there made, Willian Sullivan was the one who petitioned for the probate of the will. The finding of the court is:

"Having heard the evidence and arguments of counsel, and being fully advised in the premises, the court finds that Little Fish, during his lifetime and at the time of his death, was a permanent resident of Okmulgee county, Okla.; that he died on April 25, 1927, while temporarily domiciled at the home of his son, Frazier Fish, in Okfuskee county, Okla. That the purported will of said Little Fish was filed in the county court of Okmulgee county, Okla., on May 2, 1927, and that thereafter, on the 5th day of May, 1927, there was filed in said court the petition of William Sullivan for the probate and allowance of the said instrument as the last will and testament of the said Little Fish, deceased; that thereafter and on May 20, 1927, the contestants herein filed their contest and objection to the allowance and probate of said will.

"The court further finds that the said will was not properly attested and subscribed to in compliance with the statutes of the state of Oklahoma.

"It is, therefore, ordered, adjudged and decreed by the court that the judgment of the county court adjudging and decreeing that the said instrument purporting to be admitted to probate as the last will and testament of the said Little Fish, deceased, be and the same is hereby reversed, and the probate of said will is hereby denied, and the said county court of Okmulgee county directed to enter a judgment according to the judgment of this court, denying the will to probate.

"To all of which judgment, order and decree, the proponents of the will, by their attorneys and guardian ad litem, excepted

and in open court gave notice of their intention to appeal to the Supreme Court of the state of Oklahoma, and asked that the Clerk of the Court be directed to enter such notice upon the proper record, and the Clerk was thereupon directed to make such record.

"James M. Hays, Judge."

The recitals of the petition as found on page 4 are as follows:

"* * * That upon the death of the said Little Fish, the said William Sullivan, named and designated in said will as executor thereof, on the 5th of May, 1927, filed his petition in the county court of Okmulgee county, Okla., the court having jurisdiction thereof, for the probate of said last will and testament. * * *"

It further recites the time fixed for the hearing, and that Winey Lewis, Mahaley Hickman, Katie Litsey, and Milley Gilroy, by attorneys, Nolan and Woods, filed a written contest. It also appears from the petition that the will was admitted to probate, after notice in the county court, and the various steps. It thus appears that the will was established in the county court; that the proponent of the will died pending the time of the appeal, and its being lodged in the district court. It further appears that the death of the executor and testamentary guardian, who was the proponent of the will, was known to the contestants and the court. It further appears that no application to revive the suit to set aside the action of the county court in admitting the will to probate was ever had, and that over one year has elapsed, and that no one has consented and no one will consent to the revivor. Petition claims that the proceeding to reverse having died, the judgment appealed from is in force.

Several cases are cited by the petitioner in error to that effect, found on pages 15 and 16 of the brief of the plaintiff in error, and also section 1106, C. O. S. 1921, is cited. Also various sections of C. O. S. 1921, including sections 826, 827, 829, 830, 833, 835, 836, and 837 are cited. Special attention is called to Bell v. Davis, 43 Okla. 221, 142 P. 1011. The facts in that case, as applied to this case, are very similar up to the proceeding after the death. Its holding, however, is that the only necessary party to propose the will was the executor. However, a new administrator, with the will annexed, appears to have been appointed, while in the present case the record does not show such an appointment. From the findings and the recitals in the petition here, it appears that the only proponent here was the executor. The cited case further holds that

the admission of the will to probate is a judicial determination of its character and validity, and is in fact a judgment in rem.

The case of Grayson v. Chisso, 47 Okla. 713, 150 P. 697, is cited, and the syllabus of that case is as follows:

"1. Wills — Probate—Parties—Dismissal —Revivor. On appeal from the district court from a judgment denying the probate of a will, all adverse parties are necessary parties; and in case of the death of any of such parties pending the appeal, it will be dismissed for want of jurisdiction, unless there has been a proper revivor."

According to the facts stated, the will in that case was admitted to probate in the county court. Appeal was taken by some of the parties, and the case came into the district court. The district court disallowed the probate of the will and remanded the case to the county court for administration in due course. The proponent brought the case to the Supreme Court. It was alleged that Addie Nero was a beneficiary under the will, and claimed to be an heir at law of Hilly Hays, the testator, and was a party in the county court, but that prior to the hearing in the district court, Addie Nero died, and the cause was never revived so far as Addie Nero was concerned, thereby creating a defect of parties in the Supreme Court. There was a further allegation that Lena Chisso, a beneficiary of the will, and claimed to be an heir of Hilly Hays, died pending the appeal from the district court to the Supreme Court, and an administrator was appointed, but there had been no revivor. It further appears that Tilda Tiger died, and there had been no revivor against her heirs or representatives. There was a prayer that the appeal be dismissed at the cost of the plaintiff in error. The court dismissed the appeal on account of these deaths and failure to revive, and cited Nye v. Jones, 35 Okla. 96, 128 P. 112, and Atchinson, T. & S. F. R. Co. v. Fenton, 32 Okla. 614, 123 P. 169. The cases cited sustain that position.

The case of Moss v. Ramsey, 49 Okla. 499, 153 P. 843, is also cited in the brief. The headnotes to that case are to the effect that where an administrator dies between final judgment of the trial court and prior to the filing of proceedings in error in this court, there should be a revivor in the name of the administrator de bonis non, and it proceeded to dismiss the case because there had been no revivor.

In re James' Will, 64 Okla. 70, 166 P. 131, is cited. In that case it appears that the

executor renounced his right to appointment, and the devisee petitioned to have the will approved, and it was contested unsuccessfully by the heirs, but on hearing in the district court, the will was rejected, and the court holds that the contestants and proponents, and the parties to the procedure in the lower court, were the only necessary parties to proceedings in error in this court to review the judgment of the district court.

The brief of the defendant in error carries a statement of facts. It says that, on the 5th of May, 1927, William Sullivan filed his petition in the county court of Okmulgee county seeking to probate the will and to be appointed executor of the will and to be named as guardian of the minor children. It further recites the contesting by the adult children of Little Fish, and the will being admitted to probate, and the death of the proponent. It says, in referring to the proceedings in the district court, at page 3:

"The proponents of the will, Chote Fish and Louinachee Fish, appeared by their attorneys, I. H. Cox and Almond D. Cochran, attorneys of the Okmulgee county bar. The contestants likewise appeared by counsel. At that time, and in advance of the hearing, the death of Wm. Sullivan, who had been appointed executor of the will, was suggested to the court by attorneys for the minors, and by the consent of attorneys representing the said minors. John C. Warnock, an attorney of the Okmulgee county bar, was appointed by the court as next friend and guardian ad litem for the minors, Chote Fish and Louinachee Fish. Thereafter the question of the factum of the will was tried to the court and evidence submitted by the respective parties. After a full hearing, and after finding the jurisdictional facts, the court made this finding:

" 'The court further finds that the said will was not properly attested and subscribed to in compliance with the statutes of the state of Oklahoma.'

"Upon the finding so made, the court denied the probate of the will and reversed the judgment of the county court and directed the county court of Okmulgee county to enter a judgment denying the probate of the will."

It is claimed that no exception was taken by the minors to the court's action in nominating Mr. Warnock. It is further claimed that said minors, proponents to the will, by their attorneys, took an exception and prayed an appeal. It then relates the appointment of J. M. Wiley as guardian of said minors, in March, 1929. Further along in the brief, at page 6, the defendants in error say that the real question determin-

ative of this appeal is whether or not the real parties, Chote Fish and Louinachee Fish, can substitute an original petition in the district court to set aside and vacate the judgment of the district court for an appeal from the judgment. It is further claimed that William Sullivan had no beneficial interest in the matter. It is further claimed that it is within the power of the minors and their attorneys to have an administrator appointed, and whether or not this was done the right of action survived to the real defendants in the will contest. Then the claim is made that all that was necessary to be done was for the court to name some party to appear as next friend to defend for the minors, defendants, and that some member of the bar was so named. Section 826, C. O. S. 1921, as claimed, provides that where several plaintiffs, or several defendants, exist and one dies, or his powers cease, and the right of action survives against the remaining, the parties to the action may proceed. It is stated that to all intents and purposes of the law, the order of revivor, or an order made in the nature of a revivor, was made by the court at the suggestion of I. H. Cox, one of the attorneys for the minor defendants, and was either expressly or tacitly agreed to by the plaintiffs in the contest.

Some discussion is had of the cases cited by the plaintiff in error. The claim is made that the very brief of the plaintiff in error refuted the position of the plaintiff in error. Reply brief had been filed in which it is claimed that William Sullivan was the only person who began the proceedings in the county court, and other sections of the statute are cited in the reply brief, and the case in this court of Edwards v. Asher, 95 Okla. 39, 217 P. 869, is cited to show that the case should be dismissed where one of the appellants in this court died pending the appeal, the object of the case being to review a joint judgment rendered against one of them as his coplaintiff in error. The court dismissed it. The effect of dismissing it was to put in force and effect the judgment appealed from.

Coming to the merits of the case, aside from judicial decisions, it appears that the defendants in error overlooked the fact that the wards of the plaintiff in error were minors, and that they were never parties on the records, as the proceedings here show, in the county court in the will contest. The fact of the death of the executor and testamentary guardian was known to the opposition, and it was known to the district

court. Instead of appointing someone to take the place of the executor and testamentary guardian, the court proceeded to name a guardian ad litem for the minors, who were not before the court, and proceeded to pass upon and reverse the action of the county court, and to direct the county court to set aside its action in admitting the will to probate. Minors cannot thus be made parties defendant and their rights taken away by adjudication.

We think in this case that it is the duty of a court of equity, under its general jurisdiction, to protect the interest of minors. That equity jurisdiction, by the Constitution of the state, is reposed in the district court, section 10, art. 7, prescribing that the district court should have original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is by the Constitution, or by law, conferred on some other court, and such appellate jurisdiction as may be provided in the Constitution or by law.

The Practice Act, brought over from the territory of Oklahoma into the state of Oklahoma, provides in section 170, C. O. S. 1921, as follows:

"170. Force of Common Law. The common law, as modified by the constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general statutes of Oklahoma; but the rule of the common law, that statutes in derogation thereof shall be strictly construed, shall not be applicable to any general statute of Oklahoma; but all such statutes shall be liberally construed to promote their object."

Section 6, art. 2, of the Constitution is as follows:

"Section 6. Courts of justice open— speedy remedy. The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay or prejudice."

Under the decision of this court based on the statutes, C. O. S. 1921, section 216, jurisdiction to set aside the probate of the will did not exist, as the minors were not in court. See Tanner v. Schultz, 97 Okla. 132, 223 P. 174. Any work on equity jurisprudence will show that the protection of the property of infants has ever been one of the objects of courts of equity, and that removal of clouds from title is another one of the matters handled by a court of equity. Chapter 9 of part 3, par. 568, of Bispham's Principles of Equity (10th Ed.) treats the same under the head of "Bills Quia Timet." Chapter 7 of part 3, par. 541, discusses the matter and its various principles. Pomeroy's Student Edition of Equity Jurisprudence, sections 1398 and 1399, discusses the matter, but the power of removing clouds from title and setting aside improper judgments is so well recognized in this jurisdiction, since the time of the Elrod Cases, that it is not necessary to discuss them in detail. The Elrod Cases, 54 Okla. 216, 153 P. 660; 54 Okla. 218, 156 P. 625; 54 Okla. 220, 156 P. 634, clearly demonstrate that minors in the state of Oklahoma are entitled to go into courts of equity to protect their rights as against the action of courts.

As applied to the present case, it appears to us that when the contestants in this case, under the rulings of this court, allowed their suit to die without any revivor, whether the district court dismissed it or not would make very little difference, as the court in entering its decree in this case was, as announced in some of the above cited cases, without jurisdiction. The minors were not before the court, and the procedure of naming the guardian ad litem for them added nothing to the power of the court to render the judgment it did render.

We have not before us the testimony produced, if any, on either trial of the contest, but the judgment of the district court seems to be based upon improper attestation of the will. However, the will appears to have been regularly acknowledged before a United States Commissioner, and to have been executed in his presence and the presence of Vassie W. Adams, L. Butts, William Sullivan, and I. H. Cox, as witnesses. It further appears that the last four signed their names as witnesses to the will, giving their post office addresses right after the attesting clause, showing that the devisor was unable to sign his name to the instrument, but requested Vassie W. Adams to sign his name for him, which was done in the presence of the other attesting witnesses, L. Butts, I. H. Cox, and William Sullivan.

It further appears that the devisor made his mark to the signature, and attested the same by his thumb mark, and declared and published the instrument as his last will and testament, and requested the witnesses to sign their names to it as witnesses, which was done in his presence and the presence of each other. It further appears that Frazier Fish, the son of the proponent, who was practically disinherited by this will, acted as interpreter, and did translate it, accord-

ing to an affidavit made on the bottom of the will. It further appears that the will was approved by a United States Commissioner, following the federal law on the subject.

We think that the lower court had jurisdiction to remove this cloud on the title. We further think that, under the showing made here, the decree of the county court, in admitting this will to probate, should be allowed to stand. We further think that, under the will, the two minor children were entitled to the land, in accordance with its terms. The others were not, and any conveyances they may have made are subject to be set aside in the district court in the county where the land lies. We are not advised as to the special reason that was assigned for the overruling of the demurrers.

This cause is reversed, with directions to overrule the demurrers, and to proceed in accordance with the views herein set out.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, and CULLISON, JJ., concur. SWINDALL and McNEILL, JJ., concur in the conclusion. ANDREWS, J., dissents.